Atkins, J., concurring: A close analysis of the detailed steps taken in pursuance of the plan devised by Glunts, coupled with the apparently arbitrary prices at which the petitioner “purchased” the bonds from Keizer and “sold” them back to him (these prices being at wide variance with the prices paid by others and with the bid and asked prices at or about the same times) shows that the purchases and sales were not at arm’s length and lacked substance. A taxpayer may not take advantage of the bond premium deduction provisions of the statute by such artificial transactions as are here involved. However, the indebtedness created was real and the statute specifically permits deduction of the interest thereon. See L. Lee Stanton, 34 T.C, 1. Cf. Eli D. Goodstein, 30 T.C. 1178, affd. (C.A. 1), 267 F. 2d 127; Sonnabend v. Commissioner, (C.A. 1) 267 F. 2d 319, affirming T.C. Memo. 1958-178; Becker v. Commissioner, (C.A. 2) 277 F. 2d 146; and Broome v. United States, (Ct. Cl.) 170 F. Supp. 613. Keen, /., agrees with this concurring opinion.